UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH SUBACH,

            Plaintiff,

vs.                                         **COMPLAINT**

ORANGE-ULSTER BOCES, ROBERT
HANNA, MARGUERITE FLOOD,
JEFFREY SMITH

            Defendants.
-----------------------------------------------------------x



08 CIV. 7619

JUDGE KARAS

    By his counsel, Michael H. Sussman, plaintiff hereby states and alleges as and for his Complaint:

    1. Plaintiff is a resident of the State of New York, County of Sullivan, within this judicial district.

    2. Defendant Orange-Ulster BOCES [BOCES] is a municipal body created pursuant to the laws of the State of New York which may sue and be sued. It is funded primarily by local school districts and exists to perform the functions which such school district, acting through a Board of Directors elected by them, decide to perform.

    3. At all relevant times, defendant Robert Hanna was employed as Superintendent of BOCES. He currently resides within this judicial district.

    4. At all relevant times, Marguerite Flood was Deputy Superintendent of BOCES. She currently resides within this judicial district. At all relevant times, Jeffrey Smith was a high-ranking BOCES Administrator conducting business in this judicial district.

    5. As plaintiff alleges that defendants intentionally violated his First Amendment rights,

this Court has jurisdiction to hear this matter pursuant to 42 U.S.C. sec. 1983 as well as 28 U.S.C. secs. 1331, 1343 (1) & (2) and to award the attorneys fees and costs arising from prosecution of this action pursuant to 42 U.S.C. sec. 1988.

6. Plaintiff was employed by BOCES commencing in the 1990's.

7. Plaintiff was responsible for repairing the computer systems of BOCES member districts.

8. At all relevant times, plaintiff well-performed his job.

9. In the mid 2000s, plaintiff became aware of corrupt practices, waste and favoritism at BOCES.

10. To expose these practices, plaintiff created a web site.

11. Plaintiff's web site became known to defendants before they initiated any disciplinary charges against him.

12. Plaintiff's web site represented protected speech, as did plaintiff's participation in other web sites which related to BOCES and its administration.

13. After they learned of its existence, defendants wanted to suppress plaintiff's web site and punish plaintiff for initiating said site.

14. To this end, defendants initiated several sets of baseless disciplinary charges against plaintiff.

15. In August 2006, after plaintiff reported to one of his supervisors that defendant Smith had pushed a man to suicide, created an unhealthy work environment and that a certain BOCES employee had brought a gun onto school grounds and without any legitimate basis, defendant Smith suspended plaintiff.

16. While he so charged plaintiff, defendant Smith and the other individual defendants DID NOT initiate disciplinary charges against persons known by them to have committed far more serious offenses, like bringing a gun onto BOCES school grounds or having sex on school grounds.

17. Indeed, defendants' desire to punish plaintiff derived in part from their belief that he was bound and determined to expose such practices and the BOCES' administrations failure to properly sanction those involved.

18. In the first disciplinary proceeding, defendant sought to sanction plaintiff because he did not turn over a hard drive to defendant Hanna.

19. Defendant Hanna wanted this hard drive to suppress plaintiff's speech acts which were exposing his administration, specifically because plaintiff had posted comments on Recordonline.com which revealed serious matters of public concern regarding BOCES.

20. Defendant Hanna had no genuine interest in determining whether BOCES personnel were, or were not, working a full day for a full day's pay and had no system in place to monitor or insure this.

21. When plaintiff was unable to provide the hard drive because another, unknown employee had stolen or misplaced it, Hanna charged plaintiff with being insubordinate for failing to produce his hard drive.

22. The underlying basis for this charge was Hanna's desire to punish plaintiff for exposing his administration and his desire to suppress and chill plaintiff's speech.

23. As a predicate to sanctioning plaintiff, defendants selectively enforced certain alleged policies against plaintiff.

24. After the first disciplinary proceeding, though the BOCES Board had not adopted any policy prohibiting employees from tape recording meetings with administrators, defendants imposed that restriction upon plaintiff.

25. At the time defendants imposed that restriction upon plaintiff, defendants knew that the BOCES Board had failed to adopt any such policy.

26. Defendants also knew that plaintiff had received legal advice to the effect that selectively enforcing "non-policies" to suppress plaintiff's gathering of information relevant to BOCES' violated his constitutional rights.

27. After being advised that plaintiff had received and would follow that legal advice, defendants repeated their demand that plaintiff cease and desist from tape recording meetings with them.

28. Plaintiff refused to comply with that directive and advised the defendants that he would not do so.

29. Defendants Hanna and Flood then charged plaintiff with being insubordinate.

30. A hearing officer solely selected by the defendant because of his propensity to side with school districts in like matters recommended plaintiff's termination on the ground that he had been insubordinate.

31. The hearing officer did not decide, nor had he jurisdiction to decide, whether plaintiff was being selectively prosecuted because of his First Amendment speech, whether plaintiff had been forced to comply with an unconstitutional directive or whether plaintiff was given this unconstitutional directive in a manner calculated to cause him to be insubordinate.

32. After the hearing officer recommended plaintiff's termination, BOCES terminated

his employment effective the spring 2008.

33. Said termination was solely motivated by defendants' shared desire to purge plaintiff from the workplace because of his First Amendment protected activities and his plain statements to them that he would continue said activity.

34. By terminating plaintiff, defendants have chilled his expression and deprived him of being able to obtain information demonstrative of corrupt or inefficient practices.

35. By dint of these violations, defendants have caused plaintiff compensatory and non-compensatory damage, including anxiety, humiliation, mental anguish and embarrassment.

36. Individual defendants Hanna and Flood used their authority as state actors to cause plaintiff's termination.

37. Individual defendants Hanna and Flood so acted to punish plaintiff for revelations about their conduct which they knew plaintiff had made and would continue to make.

38. In initiating disciplinary action against plaintiff and in terminating him, individual defendants were motivated by a desire to shut plaintiff up and chill his speech.

## CAUSES OF ACTION

39. Plaintiff incorporates paras. 1-38 as if fully incorporated herein.

40. By acting as set forth above, defendants intentionally violated plaintiff's rights as guaranteed under the First Amendment of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court accept jurisdiction of this matter, convene a jury to hear and decide the matter, award compensatory damages with pre and post judgment interest against all defendants, order defendant BOCES to re-employ plaintiff as his

termination was plainly in retaliation for the exercise of his First Amendment rights, in the alternative, award plaintiff front pay, inclusive of benefits, with pre and post-judgment interest, award plaintiff punitive damages against the individual defendants; award plaintiff the fees and costs of this action and any other relief which to the court seems equitable and in the interests of justice.

Respectfully submitted,

Michael H. Sussman [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

Dated: August 21, 2008